**PEREZ LAW OFFICES**
Anthony M. Perez, Jr. SBN 113041
455 Capitol Mall, Suite 231
Sacramento CA 95814
Telephone: (916) 441-0500
Facsimile: (916) 441-0555
email: aperez@perezlawoffices.com

**ATTORNEYS FOR PLAINTIFF**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT PASOS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SODEXO; SODEXO USA; SODEXO OPERATION LLC; CATHERINE TABAKA; AND DOES 1 THROUGH 50, INCLUSIVE,<br><br>　　　　Defendants. | Case No.<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>1. **AGE DISCRIMINATION**<br>　(Gov. Code Section § 12940 et seq.)<br>2. **DEFAMATION**<br>　(Cal. Civil Code §§ 44,45,45 subd. a, 46)<br>3. **BREACH OF IMPLIED CONTRACT**<br>4. **BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**<br>5. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Diversity Jurisdiction] |

## I.
## SUMMARY OF COMPLAINT

Plaintiff, ROBERT PASOS, in his individual capacity, brings this lawsuit for causes of action against Defendants SODEXO; SODEXO USA, SODEXO OPERATION LLC, collectively referred to herein from Section IV Factual Allegations on as "SODEXO" and CATHERINE TABAKA, referred to herein as "TABAKA",and DOES 1 through 50 inclusive, and has exhausted

all his administrative remedies with the Department of Fair Employment and Housing (DFEH), received Right-to-Sue Letters which have been served on all Defendants. This is a COMPLAINT for damages for: (1) Violation of the Fair and Employment Housing Act (FEHA) Age Discrimination (Cal. Gov. Code § 12940 et seq.); (2) Defamation California Civil Code section 44, 45, 45 subdivision a, and 46; (3) Breach of Implied Contract; (4) Breach of Covenant of Good Faith and Fair Dealing; (5) Wrongful Termination in Violation of Public Policy.

## II.

## VENUE AND JURISDICTION

1. Venue is proper as Plaintiff's unlawful termination in violation of Cal. Gov. Code § 12940 et seq. occurred in California and all unlawful practices and defamatory statements occurred and were made in California.

2. Jurisdiction is proper because all Defendants are citizens in different states under 28 U.S.C. section 1332 and all Defendants were involved in violations of the Cal. Gov. Code § 12940 et seq. and Cal. Civ. Code § 44, 45, 45 subd. (a) and 46 for actions that occurred in California and impacted Plaintiff's employment in California.

## III.

## PARTIES

3. Plaintiff is an individual and a resident of the State of California. The majority of his work required him to travel throughout the United States. A significant workload of his business accounts required his onsite attention. These accounts are located in the Northern District of California. They include Good Samaritan Hospital, San Jose, Ca; Stanford Hospital and Clinics, Palo Alto, Ca; Alameda Hospital, Alameda, Ca; Contra Costa Regional Medical Center, Martinez, Ca; and at least a dozen other accounts of major facilities located in the Northern District of California.

4. SODEXO is a worldwide company with its principal place of business, 255, quai de la Stalingard-92130, Issy-les-Moulineaux, France. SODEXO is a publicly traded company traded on the French Stock Exchange.

5. SODEXO USA is a SODEXO affiliated and related company with headquarters located at

9801 Washingtonian Blvd., Gaithersburg, MD, 20878.

6. SODEXO OPERATIONS LLC is a SODEXO affiliated and related company with headquarters located at 9801 Washingtonian Blvd., Gaithersburg, MD, 20878.

7. Defendant CATHERINE TABAKA is director, officer, and managing agent of Sodexo and resides in the State of Illinois.

8. Plaintiff and Defendants are citizens of different states under 28 U.S.C. § 1332.

9. SODEXO is the entity or entities for which Plaintiff was employed and which is responsible for all acts giving rise to this action.

10. Plaintiff, upon information and belief, alleges that SODEXO is at all times relevant herein was a business duly licensed to do business under the laws of the State of California.

11. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

12. Upon information and belief, Plaintiff alleges that all Defendants herein, including DOES 1-50, at all times herein mentioned were the agents and employees of their co-defendants, and in doing the things hereinafter alleged were acting within the course and scope of such agency and the permission and consent of their co-defendants.

## IV.

## FACTUAL ALLEGATIONS

13. Plaintiff was hired by SODEXO on February 8, 2001.

14. Plaintiff in May 24, 2001, received a "Stay Bonus" of $15, 750. In December 2001, Plaintiff became Senior Vice President, a position of grade 13. In July 2010, due to Plaintiff's expanded responsibilities he was promoted to grade 14, Senior Vice President. Throughout Plaintiff's employment he has received merit increases, from 2.9% to 7 % averaging 6%.

15. Plaintiff received corporate leadership awards and recognitions, including but not limited to the following: 2006-2018 IMPACT Mentoring Program; 2006-2018 Executive Advisor, Sodexo Office of Sustainability; Outstanding Sales Achiever 14 of 17 years; 2017 People Enable Group- part of the transformation journey; 2004 Largest Healthcare Sale ever at that time. Vancouver Coastal Health Authority; 2004 National Spirit Awards (for above sales accomplishment); 2006 Client Retention 4 out of 5 years exceeded 95%; Horizontal Sales Award for SVP FY04 and FY05; Queens Medical Center received the 2005 VHA Award for perfect score and outstanding customer service; 2006 National Spirit Award for Queens Medical Center; Member of National Task Force to develop new Performance Management Tool; Founding member of Sodexo Organization of Latinos; Executive sponsor for Women's Network Group.

16. Plaintiff was designated "High Potential" employee status. It was SODEXO's intention that this status provided "assurance" of a long term employment commitment and continued employment until Plaintiff's retirement age of 70. Plaintiff was one of a few select employees classified as a "High Potential". SODEXO led Plaintiff to believe that Plaintiff had a long-term future with SODEXO.

17. Sodexo's President of Health Care Division, Dick Macedonia, provided Plaintiff with a statement of employment security and in a written agreement stated: " We anticipate that your highly successful career will continue with Sodexo. We look forward to working with you." Plaintiff also received a letter from Mr. Descrochers, President of Hospital Division which included this statement: "I am confident that your success will continue in 2007 and beyond."

18. In February 15, 2018, Plaintiff received a telephone call from TABAKA terminating his employment and making false charges against Plaintiff and then conveyed them to unprivileged third parties. These statements included untrue statements of "incompetence and performance deficiencies". On February 28, 2018, TABAKA sent a letter restating again false termination reasons and an offer of 4 weeks of pay with a request that Plaintiff sign a General Release Agreement. On March 2, 2018, TABAKA requested that Plaintiff sign the release agreement with an imposed deadline to sign. On March 12, 2018, TABAKA then denied Plaintiff's legal right to have a minimum of 21 days to review the release agreement, giving Plaintiff a deadline of March 19, 2018

to sign the request. On March 19, 2018, Plaintiff wrote to TABAKA to inform her of the "hiring process" for Entegra, a recruiter, he was using. TABAKA was to provide positive input.

19. March 20, 2018 at 6:14 a.m. TABAKA wrote back to Plaintiff telling him to have the release agreement signed by the end of business day today or else. Plaintiff had already refused to do so under the time restrictions given. At 2:40 p.m. that same day the recruiter for Entegra sent Plaintiff an email telling him, "You have not been selected to move on for further consideration..." which was a direct result of Plaintiff not signing a release. TABAKA made up false statements of poor performance and incompetence, maliciously, as a result of Plaintiff not signing a Release Agreement, which would result in Plaintiff giving up all of his rights, and transmitted these statements to unprivileged third persons, attempting to place Plaintiff in an employment position. As a result Plaintiff lost employment opportunities.

20. SODEXO has a pattern and practice of discriminating against older long-term employees by replacing them throughout the company with younger less experienced employees.

21. Plaintiff at the time of his termination received a salary and benefit package worth over $300,000 annually. He was replaced by a significantly younger and less experienced employee.

22. SODEXO for the last several years has was targeted older employees for termination, and provided less mobility for employees over 55 years of age. At the time of Plaintiff's termination he was 60 years old.

23. The actions set forth herein violate California Public Policy and as well as numerous Federal and State Statutes and Regulations in connection with discrimination in the workplace.

24. Actions by SODEXO directors, managers, managing agents, and supervisors resulted in Plaintiff suffering emotional distress, anxiety, embarrassment, reputation loss, sleeplessness, nervousness, uncertainty, and other emotional effects to be proven more fully at trial.

25. Plaintiff reserves the right to amend this complaint to add additional claims against Defendants during the discovery phase of this litigation.

26. As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

27. In committing the foregoing acts, officers, directors, and/or managing agents of Defendants were guilty of malice fraud, and oppression, and acted in conscious disregard of Plaintiff's rights, and Plaintiff is therefore entitled to an award of punitive damages in addition to the actual damages caused thereby, for the sake of example and by way of punishing Defendants.

28. As a direct cause of the acts alleged above, Plaintiff has had to hire the services of an attorney. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, and is entitled to an award of attorney's fees and costs pursuant to California Government Code Section 12965 subdivision (b).

## V.

## FIRST CAUSE OF ACTION

### AGE DISCRIMINATION
### (California Government Code section 12940 et seq.)
### (Against All Corporate Defendants)

29. Plaintiff incorporates herein by reference paragraphs 1 through 28, inclusive.

30. Plaintiff was at all times mentioned herein, an employee covered by California Fair Employment and Housing Act, Government Code Section 12900 et seq., prohibiting discrimination in employment on the basis of age.

31. Plaintiff PASOS was 60 years of age at the time of his termination, and was protected from discrimination based on Federal and State statutes and regulations, and the public policies of the State of California.

32. The reason given to Plaintiff for his termination was pretextual.

33. Plaintiff's age was a motivating factor and reason in the decision to terminate his employment from SODEXO.

34. Plaintiff has filed timely charges of age discrimination with the California Department of Fair Employment and Housing and has been authorized to file private litigation against the Defendants. Plaintiff has exhausted all of his administrative remedies.

35. Defendants' conduct, and each of them, as described herein was despicable, and said Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is thereby entitled to recover punitive damages from said Defendants, and each of them, in an amount according to proof at trial and sufficient to punish and set an example of the Defendants.

36. As a proximate result, Plaintiff has suffered emotional distress, including but not limited to humiliation, embarrassment, lack of self-esteem, pain and suffering, worry, and indignity and incurred costs and expenses for care and treatment.

37. As a proximate result of Defendant' discriminatory acts, and each of them, as alleged herein, Plaintiff has no plain, adequate, or complete remedy at law, and said Defendants, and each of them continue to engage in said wrongful practices. Therefore, Plaintiff requests:

    a. That Defendants, and each of them, their agents, successors, employees, and those action in concert with them, be enjoined permanently from engaging in each of the unlawful practices, policies, usages and customs set forth herein.

    b. As a proximate result of the individually named Defendants' discriminatory acts, and each of them, as alleged herein, Plaintiff is entitled to his reasonable attorney's fees and costs, as provided under the provisions of the California Fair Employment and Housing Act.

## VI.

### SECOND CAUSE OF ACTION

**DEFAMATION: LIBEL/SLANDER CIVIL CODE SECTIONS 45, 45 (a) and 46**
**(Against All Defendants)**

38. Plaintiff hereby re-alleges, and incorporates by reference as though fully set forth herein, the allegations contained in paragraphs 1 through 37 . This cause of action is pled against all Defendants.

39. Defendants, and each of them, individually and through their officers, agents, and/or employees acting within the scope of their employment, caused to be published false statements tending directly to injure Plaintiff in his general, occupations, trade, business, and professional reputations and pursuits.

40. The false and defamatory statement included express accusation of "professional incompetence" due to Plaintiff's actions. This statement is factually untrue and defamatory. It is not a statement of opinion. The statement was made malicious and in response to Plaintiff not signing a General Release after being fired.

41. The above-described statement is slanderous per se in that it tends to injure Plaintiff in his office, profession, trade, or business by imputing to his general disqualification in those respects that the occupation peculiarly requires and exposes Plaintiff to hatred, contempt, ridicule, and obloquy, and have a tendency to injure him in his occupation.

42. The original utterer of slanderous remarks can be liable for the consequences of republication to third persons. This is especially true with respect to actions involving an employee's self-publication to potential employer of his previous employer's defamatory statements.

43. Plaintiff was questioned and continues to be questioned by prospective employers about reasons for his termination from SODEXO. Specifically, Plaintiff is compelled to publish the above-described defamatory statement in search for comparable employment. Each utterance by Plaintiff constitutes a publication of a defamatory statement.

44. Plaintiff is informed and believes, and thereon alleges that during the above-described time frame, Defendants, and each of them negligently, recklessly, and intentionally caused publications of the above-described defamatory statement to potential employers of Plaintiff.

45. The publications were made of and concerning Plaintiff and was so understood by prospective employers. As a result, Plaintiff was refused employment by prospective employers.

46. The publications of the defamatory statement was heard by unprivileged third persons and prospective employers in California, making Plaintiff's future employment impossible.

47. Plaintiff is informed, believes, and fears that his false and defamatory statement will continue to be published by SODEXO and will be foreseeably republished by other recipients, all to

the ongoing harm and injury to Plaintiff's business, professional and personal reputations. Plaintiff also seeks redress in this action for all foreseeable republication of the defamatory statement.

48. Plaintiff is informed and believes that Defendants have published other defamatory untrue statements causing harm to his reputation.

49. Defendants committed the acts stated herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from all Defendants in an amount according to proof.

50. As a proximate result of Defendants' defamation of Plaintiff, Plaintiff has suffered and continues to suffer embarrassment, humiliation, mental anguish and harm to this reputation, all to his damage in an amount according to proof.

51. As a further proximate result of the above-described publications, Plaintiff has suffered special damages all to his injury and Defendants' actions constituted defamation per se for which the damages are presumed.

52. The aforementioned acts of the Defendants were willful, wanton, malicious, and oppressive and with a conscious disregard for Plaintiff exercising his legal rights. SODEXO is vicariously liable for these defamatory per se acts.

## VII.

## THIRD CAUSE OF ACTION

**BREACH OF IMPLIED CONTRACT**
**(Against All Corporate Defendants)**

53. Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein, the allegations contained in paragraphs 1 through 52, inclusive.

54. On or about February 8, 2001, Plaintiff and SODEXO entered into any employment agreement pursuant to which Plaintiff agreed to work for said Defendant. This agreement was

9
COMPLAINT FOR DAMAGES

evidenced in various writings, oral representations and policies that provided that Plaintiff could not be terminated without good, just or legitimate cause. This implied contract is evidenced by the following:

    a) Defendant's policies that proved that Plaintiff can only be terminated for good cause;

    b) Communications between Plaintiff and Defendant confirming the terms and conditions of employment;

    c) Written performance reviews and appraisals;

    d) Oral communications outlining the terms and conditions of Plaintiff's employment;

    e) Merit salary adjustments and bonuses;

    f) Years of employment with Defendant;

    g) Promises of continued employment with Defendant;

    h) The practices of the company;

    i) Separate compensation for separate agreements whether unforeseeable or not;

    j) Other evidence showing Plaintiff could not be terminated without good, just and legitimate cause;

55. The terms of the employments contract included, but were not limited to:

    a) Plaintiff would be able to continue his employment with Defendant so long as he carried out his duties in a proper and competent manner;

    b) Plaintiff would not be demoted, discharged, or disciplined, nor would Plaintiff's job function be reassigned for other than good cause with notice thereof and an opportunity to improve any performance problems;

    c) If grievances or complaints were lodged regarding Plaintiff's performance or if he were informed that his services were no longer needed, he would be given reasonable notice thereof and a meaningful opportunity to respond;

    d) Plaintiff would not be demoted, discharged, or disciplined without good and sufficient cause, and would not have his job functions taken away or reassigned

without notice and cause;

e) Plaintiff would not be discriminated against;

f) Plaintiff could retire from SODEXO.

56. Plaintiff has diligently conformed and fulfilled all responsibilities, conditions and obligations required of him under the contract(s).

57. Again and again during his employment, Plaintiff received outstanding performance reviews by his superiors. In addition, Plaintiff received increases in his salary, characterized by SODEXO as merit increases as well as year-end bonuses as an incentive to remain with the company.

58. Plaintiff's contract, in addition to the above, and in part, is based on:

a) The practice of the company;

b) Employment with the company for over seventeen (17) years;

c) Promises of continued employment;

d) Representations and statements made by managing agents and supervisors of the company, and

e) Merits salary increases, bonuses as an incentive to remain with the company.

59. Defendant breached the aforementioned agreement in that without prior notice, on February 15, 2018, Plaintiff was told that he was terminated for reasons that were pretextual. The reason given by Defendant was not true and Defendant's action constituted a breach of the employment contract. Specifically, Plaintiff alleges that Defendant breached the employment contract. Specifically, Plaintiff alleges that Defendant breached the employment contract in that:

a. Defendant did not have good cause to terminate Plaintiff; and

b. Plaintiff was terminated in violation of the laws of the State of California.

60. As a direct and foreseeable result of Defendant's breach of the aforementioned employment contract, Plaintiff has suffered and will continue to suffer substantial losses in earnings, bonuses, deferred compensation, stock, stock options, and other employment benefits which he would have received had Defendant not breached said agreements, plus incidental expenses, including expenses in seeking substitute employment, all in a sum, the amount of which will be more

specifically proven at trial.

61. As a direct and foreseeable result of the Defendant's breach of the aforementioned employment contract, Plaintiff has suffered and will continue to suffer damages in an amount that will be more specifically proven at trial.

## VIII.

## FOURTH CAUSE OF ACTION

### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
### (Against All Corporate Defendants)

62. Plaintiff hereby re-alleges and incorporates paragraphs 1-61, inclusive.

63. The above alleged employment agreements, each and all, contained an implied covenant of good faith and fair dealing by which Defendant promised to give full cooperation to Plaintiff and his performance under said employment contracts and to refrain from doing any act which would prevent or impede Plaintiff and his performance under said employment contracts and to refrain from doing any act which would prevent or impede Plaintiff's enjoyment of the fruits of said contract. Specifically, said covenant of good faith and fair dealing required Defendant to fairly, honestly, and reasonably perform the terms and conditions of the agreement.

64. The primary motivation of Plaintiff entering into the above-stated employment contract were to obtain secure employment and terms and conditions which would permit their growth and development within their field, as well as to allow their substantial autonomy, freedom of action, and a supportive work environment. Plaintiff, unsophisticated in the making of such contract as alleged herein, was in an inherently unequal bargaining position in his dealing with Defendant, large and powerful organization. Plaintiff entrusted his entire livelihood to Defendant's willingness to perform its obligations under the contract, and risked suffering grave harm if Defendant failed to perform.

65. Plaintiff is informed and believes and thereon alleges that Defendant breached the covenant of good faith and fair dealing by not conducting any reasonable investigations concerning

their obligations under said contract, terminating Plaintiff without good or sufficient cause and for reasons extraneous to the contract, and by frustrating Plaintiff's employment of the benefits of the contract.

66. As a direct and foreseeable result of Defendants' breach of the aforementioned employment contract, Plaintiff has suffered and will continue to suffer substantial losses in earnings, bonuses, deferred compensation, stock, stock options and other employment benefits which he would have received had Defendant not breached said agreements, plus incidental expenses, including expense in seeking substitute employment, all in a sum, the amount of which will be more specifically proven at trial.

67. As a direct and foreseeable result of Defendant's breach of the aforementioned employment contract, Plaintiff has suffered and will continue to suffer damages in an amount that will be more specifically proven at trial.

## IX.

## FIFTH CAUSE OF ACTION

### WRONGUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (Against All Corporate Defendants)

68. Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein, the allegations contained in paragraphs 1 through 67, inclusive.

69. Defendants, and each of them, were motivated to terminate Plaintiff's employment on ground that violates California public policies against terminating an employee in violation of the Fair Employment and Housing Act.

70. As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

71. In committing the foregoing acts, officers, directors, and/or managing agents of

Defendant were guilty of malice, fraud, and oppression, and acted in conscious disregard of Plaintiff's rights, and Plaintiff is therefore also entitles to an award of punitive damages in addition to the actual damages caused thereby, for the sake of example and by way of punishing Defendant.

## X.
## PRAYER

WHEREFORE, Plaintiff prays judgement as follows:

1. For compensatory damages;
2. For general damages in a sum according to proof;
3. For medical and related expenses according to proof;
4. For special damages, including but not limited to lost earning and other employment benefits, past and future, according to proof, with interest thereon as allowed by law and presently estimated in excess of $3,000,000;
5. For reasonable attorneys' fees and costs, pursuant to California Government Code section 12965 and other statutes;
6. For an award of interest, including prejudgment interest, at the legal rate;
7. For defamation per se damages;

///
///
///
///
///
///
///
///
///

///

///

8. For punitive damages in an amount of $10,000,000 or whatever the trier of fact deems appropriate pursuant to California Civil Code section 3294; and

9. For such other and further relief as the Court may deem just and proper.

Dated: June 11, 2018          Respectfully submitted,
                              PEREZ LAW OFFICES

                              By:_____
                                  ANTHONY M. PEREZ, JR.
                                  Attorneys for Plaintiffs

## XI.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: June 11, 2018          Respectfully submitted,
                              PEREZ LAW OFFICES

                              By:_____
                                  ANTHONY M. PEREZ, JR.
                                  Attorneys for Plaintiffs